**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 7, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60128
Summary Calendar

_____

FERNANDO ALONSO CRUZ; MAGDA CONSTANZA SANCHEZ; NICOLAS CRUZ;
SANTIAGO CRUZ,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A95 906 269
---------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges

PER CURIAM:[*]

The petitioners, Fernando Cruz (Cruz), his wife, Magda Sanchez, and their two minor children, Nicolas Cruz and Santiago Cruz are citizens of Columbia. They petition this court to review the decision of the Board of Immigration Appeals (BIA) denying Cruz's application for asylum, withholding of removal, and relief under the Convention Against Torture.

Cruz argues that the Immigration Judge (IJ) and the BIA erred in denying his request for asylum. According to Cruz, the Fuerzas

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Armadas Revolucioarios de Columbia (the "F.A.R.C."), a revolutionary group with a violent presence throughout Columbia, oppose Cruz's political activity and community service as a member of the Liberal Party because he holds ideals contrary to theirs. Cruz contends that threats by telephone and an incident in which armed men wearing F.A.R.C. armbands were searching for him at a job site constitute past persecution. We review legal conclusions de novo and findings of fact for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We will not reverse a BIA decision unless the evidence is "'so compelling that no reasonable fact-finder could conclude against it.'" Moin v. Ashcroft, 335 F.3d 415, 419 (5th Cir. 2003).

To establish eligibility for asylum, an alien must demonstrate that he was persecuted or that he has a well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." Lopez-Gomez, 263 F.3d at 444-45. Persecution is the "infliction of suffering or harm, under government sanction." Abdel-Masieh v. INS, 73 F.3d 579, 583 (5th Cir. 1996). "[P]ersecution requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." Eduard v. Ashcroft, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (quotation omitted). A fear is considered well-founded if the alien can establish, to a reasonable

degree, that his return to his country would be intolerable. Mikhael v. INS, 115 F.3d 299, 305 (5th Cir. 1997).

The IJ concluded that Cruz did not establish past persecution or a well-founded fear of persecution based on any of the statutorily-enumerated grounds. After reviewing the record and the briefs, we conclude that the IJ's decision as adopted by the BIA is supported by substantial evidence and that the record does not compel a contrary conclusion. See Moin, 335 F.3d at 419; Lopez-Gomez, 263 F.3d at 444-45.

The standard for withholding of removal is more stringent than the standard for granting asylum. Mikhael, 115 F.3d at 306. Cruz must demonstrate that a clear probability exists that he will be persecuted if he is removed. Id. Cruz did not make the required showing for asylum; thus, he is not eligible for withholding of removal. Id. at 306 & n.10.

Finally, Cruz has not shown that it is more likely than not that he would be tortured by anybody acting in an official capacity upon return to Columbia. See 8 C.F.R. § 208.18(a)(1). Thus, he is not entitled to relief under the Convention Against Torture. 8 C.F.R. § 208.18.

The petition for review is DENIED.